IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR C. FOURSTAR, JR.,
Fed. Reg. No. 07418-046,
    Plaintiff,

vs.                                              Case No.: 5:15cv248/MMP/EMT

KENDES ARCHER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the federal penal system proceeding pro se, initiated this action by filing a civil rights complaint under Title 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (ECF No. 1).

The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Courts which have been previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In fact, Plaintiff's status as a prisoner with "three strikes" has been determined in another civil rights complaint he previously filed in the United States District Court for the District of Columbia, Case No. 1:15-mc -76-UNA. As provided in that case:

>The plaintiff has accumulated at least three strikes. *See Fourstar v. Murlak*, No. 07-cv-5892, 2010 WL 2163993 (C.D. Cal. May 26, 2010) (dismissing action with prejudice for frivolousness and for failure to state a claim and assessing one "strike"), *aff'd*, No. 10-56006 (9th Cir. Sept. 14, 2010); *Fourstar v. Zemyan*, No. 4:08-cv-50 (D. Mont. Aug. 26, 2008) (adopting Magistrate Judge's Findings and Recommendation to dismiss complaint, to assess one "strike," and to certify that appeal would not be taken in good faith), *appeal dismissed*, No. 08-35819 (9th Cir. Apr. 14, 2009); *Fourstar v. Ness*, No. 4:05-cv-108 (D. Mont. Apr. 26, 2006) (dismissing complaint for failure to state a claim upon which relief can be granted and assessing one "strike"), *aff'd*, 276 F. App'x 661 (9th Cir. 2008); *see also Fourstar v. Eckroth*, 512 F. App'x 127 (3d Cir.) (per curiam) (affirming denial of motion to proceed informa pauperis under § 1915(g) and dismissal of civil rights complaint), *cert. denied*, 134 S. Ct. 263 (2013); *Fourstar v. Costell*, No. 14-cv-00957, 2014 WL 4826753 (S.D. Ill. Sept. 29, 2014) (denying motion to proceed in forma pauperis under § 1915(g)).

Fourstar v. Garden City Group, Case No. 1:15-mc-76-UNA, ECF No. 4 at 1-2 (Memorandum Opinion and Order dismissing case, January 22, 2015). This court has reviewed the dockets in the cases identified by District Court for the District of Columbia and concurs with the "three strikes" assessment. Thus, Plaintiff's status as a "three striker" is established.

In apparent recognition of the three strikes issue, Plaintiff asserts that he is able to meet the "imminent injury" exception that is provided in Section 1915(g). A prisoner with three strikes is precluded from proceeding in forma pauperis in a civil action unless it can be shown that he is under imminent danger of serious physical injury, which the court must determine from the complaint. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must construe the complaint liberally and accept the allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a

prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is facing a likelihood of imminent serious physical injury. In his complaint, Plaintiff, an inmate at the Federal Correctional Institution at Marianna, Florida ("FCI Marianna"), alleges that Defendants: 1) were deliberately indifferent to his medical needs because they deprived him of needed surgery on both of his knees, causing him pain and suffering; 2) were deliberately indifferent to his needs for dental care consisting of a cavity in one tooth and an abscessed wisdom tooth; 3) were deliberately indifferent to him by failing to conduct a proper screening for tuberculosis upon his arrival at the prison in April of 2015;[1] 4) deprived him of access to his legal files, failed to provide him postage stamps, and failed to send out his legal mailings, resulting in his inability to meet a court deadline in a pending case; 5) failed to correct his erroneously calculated projected release date; and 6) violated his First Amendment rights to religious freedom by failing to provide Plaintiff with ceremonial deer meat and buffalo meat as well as tobacco and a pipe ceremony in observance of his Native American religious beliefs.

First, Plaintiff's claim of deliberate indifference as it concerns his knee does not appear grave enough to place him in imminent danger of serious physical injury. Although the matter of surgery should not be taken lightly, Plaintiff allegations are concerned more with the medical staff's refusal

---

[1] Plaintiff appears to allege a failure to screen for tuberculosis at both FCI Marianna, and at the Federal Detention Center at Tallahassee, Florida, where he apparently was previously housed and where he alleges he was exposed to tuberculosis.

to accede to his demands than they are with any consequential damage to his knees. Indeed, as a grievance response from the institution informed Plaintiff:

> While you were housed at USP Atwater in January 2015, you signed a refusal to have knee surgery; you stated, "the surgery doesn't reflect my total needs." The Orthopedic Surgeon recommended a left knee arthroscopy (probable meniscectomy). Since your arrival, less than a month ago, your medical provider has submitted a request for you to see an Orthopedic Surgeon. The request was denied because of your past refusal to have the recommended knee surgery. If you have changed your mind about having surgery, report to sick-call for an appointment to discuss treatment options with your medical provider.

(ECF No. 1-1 at 4). Thus, it appears that Plaintiff himself is at least partially responsible for the aborted or delayed treatment on his knee. Further, his refusal of the procedures offered to him at a previous correctional institution indicate that his knee condition is not an emergency or even an urgent matter; rather, there appears an elective quality to the surgery. Plaintiff's refusal of the surgery option also indicates that the claim essentially amounts to a difference of medical opinion as to courses of treatment, which is not actionable under the Eighth Amendment standard of deliberate indifference. Harris v. Thigpen, 941 F.2d 1495, 1505–07 (11th Cir. 1991); Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985); *see also* Woody v. Cronic, 401 F. App'x. 509, 512 (11th Cir. 2010) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference").

Plaintiff's claim of deliberately indifference to his needs for dental care fall short of the imminent injury standard for much the same reason as his knee injury claim. Again, although the court does not countenance that a severe dental injury or condition could never become serious enough to meet the standard, Plaintiff's allegations are concerned more with questioning the particularities of the medical staff's treatment plan than with the gravity of his condition. As with his knee problems, Plaintiff was provided treatment options for his dental needs, which included extraction of the abscessed wisdom tooth, but he refused the treatment (ECF Nos. 1 at 28, 1-1 at 15). As with Plaintiff's knee claim, his dental claim is enmeshed in a difference of opinion as to treatment options, which is not an actionable Eighth Amendment claim, much less a demonstration that imminent serious injury is likely.

Plaintiff's next claim, that he was not properly screened for tuberculosis upon arriving at FCI Marianna because the institution, and evidently the entire Bureau of Prisons, has inferior procedures on the matter, does not meet the imminent serious injury standard. Plaintiff claims that the failure to adequately screen for this disease has caused his unnecessary exposure to contracting the disease. However, even accepting this premise as true, it is important to note Plaintiff's allegation that his exposure to tuberculosis occurred at FPC Tallahassee, his previous institution, not FCI Marianna (*see supra,* p.4, n.1). If indeed he was actually exposed to tuberculosis, the screening upon his arrival at FCI Marianna that Plaintiff found lacking would be of more benefit to the existing population at FCI Marianna than it would to Plaintiff himself. Ultimately, the issue is not so much with the screening process as it would be with medical treatment for his condition if it is indeed developing, and while Plaintiff states that he suffers from symptoms such as shortness of breath, hemoptysis, and weight loss, nowhere does he allege that he is suffering from any lack of medical attention to the problem. Rather, the focus of Plaintiff's claim is simply to challenge the adequacy of medical screening at the institution(s), but even if that is a colorable claim, it is not by itself proof that he is under threat of imminent physical injury.

Last, Plaintiff's claims of deprivation of access to court, incorrect calculation of his release date, and violation of his right to practice his religious beliefs all do not evidence physical injury and therefore do not meet the standard.

Because Plaintiff fails to meet the imminent injury requirement of section 1915(g), he is not eligible to proceed in forma pauperis. Since Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, this case should be dismissed. Leave should not be provided to allow him to pay the fee. Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, his failure to do so warrants dismissal without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED:**

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

**DONE AND ORDERED** this 13th day of October 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**